## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 14-04720 EAG |
| JOSE LUIS CRESPO LORENZO, | CHAPTER 11 |
| DEBTOR. | FILED & ENTERED ON 08/31/2015 |

### OPINION AND ORDER

Pending before the court are several motions filed by José Miguel Pérez Villanueva ("Mr. Pérez"), an attorney who represented the debtor and his non-filing companion in a pre-petition expropriation suit in local court. (Docket Nos. 92, 123 & 149.) Mr. Pérez is seeking to withdraw funds consigned with the bankruptcy court as payment for attorney's fees owed to him for work performed on the expropriation case. Id. For the following reasons, the court denies Mr. Pérez's requests.

### I. Jurisdiction.

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.).[1] This is a core proceeding in accordance with 28 U.S.C. § 157(b).

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

## II. Procedural History.

On June 9, 2014, debtor José Luis Crespo Lorenzo ("Mr. Crespo") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  (Docket No. 1.)  Prior to filing for bankruptcy, Mr. Crespo and his companion, Anita Vazquez Mulero ("Ms. Vazquez"), were parties in an eminent domain action brought in local court by the Puerto Rico Highways and Transportation Authority (the "PRHTA").[2]  See Autoridad de Carreteras Y Transportación de P.R. v. Crespo Lorenzo, Case No. KEF2004-0196 (1003), Court of First Instance, San Juan Superior Part.  Mr. Pérez represented Mr. Crespo and Ms. Vazquez in that suit.

In December 2013, the parties entered into a settlement by stipulation, whereby Mr. Crespo and Ms. Vazquez would receive a total of $574,085.00 over the course of five payments that would be deposited with the local court.  (Docket No. 123 at pp. 12-13.)  The PRHTA made the first deposit in April 2014.

After the bankruptcy case was filed, the debtor moved to transfer the funds consigned with the local court to the bankruptcy court.  (Docket Nos. 28 & 83.)  The local court took the position that only half of the funds consigned with it could be transferred to the bankruptcy court since Ms. Vazquez was not a debtor in this case.  (Docket No. 119.)  Mr. Crespo acquiesced, and $62,528.50 was transferred to the bankruptcy court.  (Docket Nos. 119 & 133.)

---

[2]/Mr. Crespo and Ms. Vazquez appear to be what is typically referred to as "common-law married." Common law marriage, however, is not recognized under Puerto Rico law.  Ayuso-Morales v. Secretary of Health & Human Services, 677 F.2d 146, 147 (1st Cir. P.R. 1982).

In November 2014, Mr. Pérez filed a motion requesting that he be allowed to deduct his attorney's fees for the expropriation case from the amounts consigned with the bankruptcy court, claiming that the amount corresponding to his contingency fee was not property of the estate.  (Docket No. 92.)  This initial motion did not cite to any legal authority nor include any documentary evidence supporting his claim, although Mr. Pérez subsequently supplemented the request twice to provide copies of the stipulation as well as his fee agreement with Mr. Crespo and Ms. Vazquez.[3]  (Docket Nos. 123 & 149.)  The debtor opposed Mr.  Pérez's request, and the matter was set for a hearing on July 31, 2015. (Docket Nos. 131 & 150.)  At the hearing's conclusion, the court took the  matter under advisement.  (Docket No. 190.)

**III.  Applicable Law and Discussion.**

Mr. Pérez represented Mr. Crespo and Ms. Vazquez in the expropriation matter on a contingency fee basis, under which he would receive one third of any judgment or settlement, plus expenses.  (Docket No. 123 pp. 4-5.)  The parties ultimately settled the matter for $574,085.00, and Mr. Pérez now argues that $189,448.05 of that amount belongs to him as attorney's fees and is not property of the estate.[4]  (Docket Nos. 92, 123 & 149.)  The debtor opposes Mr. Pérez's request, contending that Mr. Pérez's claim for

---

[3] Although Mr. Pérez was represented by counsel at the time he filed the initial motion, his attorney later resigned.  (Docket No. 109.)  Mr. Pérez  appeared *pro se* at the July 31, 2015 hearing.

[4] One third of $574,085.00 is $191,361.67–which is the amount Mr. Pérez lists in his proof of claim–not $189,448.05.  (Claims Register No. 8-2.)  It is not clear why Mr. Pérez lowered his request. However, as the court denies herein Mr. Perez's request in its entirety, the exact dollar amount does not affect the analysis.

attorney's fees is not secured or entitled to priority, and is thus simply a general unsecured claim. (Docket Nos. 131 & 150.)

It is well established under Puerto Rico law that attorney's fees belong to the party, not to the attorney. Colon v. All Amer. Life & Cas. Co., 10 P.R. Offic. Trans. 1008, 1012 n.1 (1981) ("Attorneys fees awarded through judgment belong to the party and not the attorney."); Mendez and Hermano A. v. Chavier, 39 D.P.R. 731, at *3 (1929) ("There is nothing in our law that creates a lien in favor of the attorney over the allowed costs, not for him, but for the litigant party.") (translation ours); Casals v. Rosario, 34 D.P.R. 77 (1925) ("The costs, including attorneys' fees, really belong to the client, and any attorney can act as an agent to determine costs.") (translation ours); Canon of Professional Ethics 24, P.R. Laws Ann. tit. 4, App. IX. (1970) ("The fees granted by a court are for the benefit of the client and the lawyer must not claim them for himself or give them up without the client's express authorization.").

While Mr. Pérez suggests that this principle should not apply where the attorney is representing a party on a contingency fee basis, he does not provide any legal support for his position, nor has the court found any. Indeed, Mr. Pérez cites only to section 365, which concerns executory contracts and unexpired leases, to support his claim. (Docket No. 149.) This provision is inapplicable here since it is uncontested that all of the legal work performed by Mr. Pérez on the expropriation matter was completed prepetition.

4

Nor do the terms of the stipulation itself support Mr. Pérez's position that the funds do not belong to Mr. Crespo and Ms. Vazquez.[5] Ultimately, the court is not persuaded that Mr. Perez is entitled to anything other than a general unsecured claim for attorney's fees.

## IV. Conclusion.

Based on the foregoing, the court denies Mr. Pérez requests to withdraw funds consigned with the court. (Docket Nos. 92, 123 & 149.)

SO ORDERED.

In Ponce, Puerto Rico, this 31st day of August, 2015.

Edward A. Godoy
U.S. Bankruptcy Judge

---

[5]/The stipulation reads, in part: "The payments shall be issued to José Luis Crespo Lorenzo and/or Atty. José Miguel Pérez Villanueva, by check to be deposited with the court in this case." (Docket No. 123 at p. 12.)